In the Matter of WILBUR J. SCHNEIDER, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

In the Matter of KENNETH R. MARCUS, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, December 23, 1964.

*Henry Weiner* (*James J. Fitzpatrick* with him on the brief), attorney for petitioner.

*Henry G. McDonough* for respondents.

*Per Curiam.* The respondents are both charged with soliciting retainers in violation of canons 27, 28, 29 and 32 of the Canons of Professional Ethics and former rules 2 and 4 of the Special Rules Regulating Conduct of Attorneys of this court, as follows: "That respondents, either individually or as partners * * * solicited professional employment by persons theretofore not known to them, or caused same to be done on their behalf, through intermediaries such as insurance brokers, tow truck operators, body and fender repairmen and/or others; and that respondents, through such improper solicitations, obtained retainers to perform legal services in connection with prosecuting claims for personal injuries * * * from the following persons." (There follows a list of names of 13 persons allegedly solicited in the years 1959 and 1960.)

At the hearing before the Referee the respondents withdrew their answers to the charges. Their counsel stated that they "affirmatively admitted the charges with an explanation as to the mitigating circumstances." In consequence of the withdrawal of the answer and having "affirmatively" admitted the charges there were no witnesses presented on behalf of the petitioning Co-ordinating Committee on Discipline. The only testimony before the Referee was that offered by the respondents. They produced many character witnesses, and they also testified on their own behalf as to matters in mitigation. The burden of their testimony was that they were unaware that their conduct with respect to the cases referred to them was improper. Of course, if the referrals were made in an improper manner, unawareness of such impropriety, while it may be taken into consideration in fixing punishment, would not be a defense to charges of misconduct. An attorney must be held to be aware of the distinction between proper and improper conduct. In the case of *People* v. *Schneider* (20 A D 2d 408, 410), in discussing the solicitation of legal business, we said as follows: "It is clear enough that where there is a prior arrangement between lawyer and layman for the recommenda-

tion of legal business * * * the statute applies". We also said (p. 411): "Thus far no canon and no penal statute condemns the recommendation of lawyers to persons in a personal, social or professional relationship, pre-existing the making of the recommendation and reasonably concerning matters referable to the relationship. But even such a pre-existing relationship would not sustain a systematic solicitation utilizing the relationship as a cover for directing legal business to a lawyer * * *. In a proper case the evidence might well sustain a conviction under section 270-a, establishing such systematic solicitation, even in the absence of a prior agreement for it or for compensation."

There was no evidence submitted before the Referee tending to prove that the referral to the respondents of the many cases by the insurance broker (who one of the respondents testified was his cousin) was the result of a prior improper arrangement. However, we cannot overlook the withdrawal of the answer by the respondents, and the statement of their counsel that they affirmatively admit the charges. Such admission must be given meaning coming from the respondents, who were lawyers, and made by their counsel. They in effect admitted that they "solicited * * * through intermediaries such as insurance brokers, tow truck operators, body and fender repairmen". There was, therefore, no necessity for the petitioners to put witnesses on the stand to prove what was admitted. It might very well be that had there been no admission of the charges the committee would have been able to present proof of improper solicitation within the meaning of the case of *People* v. *Schneider* (*supra*). The respondents should not, and indeed they do not even now complain of the fact that affirmative evidence in support of the charges was not submitted.

While we might accept the statement of the respondents that they were unaware that they did anything improper to obtain the referrals, we cannot say that when they withdrew their answers and admitted the charges they were unaware of the effect of such action, particularly in view of what was said by this court in the case of *People* v. *Schneider* (*supra*). Consequently, we must find as the petitioner requests us to do that they are guilty as charged.

However, in considering punishment there is much to be said in favor of these respondents. The one who forwarded the cases to them was a relative. It is improper to solicit business through arrangement even though that arrangement is made with a relative (*People* v. *Schneider, supra*). However, the

234

cases having been referred in almost every instance through a relative, it might well support the respondents' contention that they were unaware that what they were doing was wrong. Furthermore, the respondents have made a very favorable impression upon the Co-ordinating Committee and the Referee. They have co-operated fully with the committee in the committee's investigation of their affairs; they have indicated that they are presently fully aware of their responsibilities, and they have given evidence of their desire to practice law in conformity with the ethical standards of the profession. In the circumstances we deem a censure should be adequate.

BOTEIN, P. J., RABIN, VALENTE, STEVENS and EAGER, JJ., concur.

Respondents censured.